**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMBER WRIGHT, | No. 10-35690 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05126-RJB |
| v. | |
| STATE OF WASHINGTON; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted October 14, 2011
Seattle, Washington

Before: BEEZER and PAEZ, Circuit Judges, and COLLINS, District Judge.**

Plaintiff-Appellant Amber Wright ("Wright") appeals the district court's

grant of summary judgment to Defendants-Appellees State of Washington,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Raner C. Collins, District Judge for the U.S. District Court for Arizona, sitting by designation.

Department of Social and Health Services and Bruce Morrison ("the state defendants") on her 42 U.S.C. § 1983 substantive due process claim. We affirm.

In determining whether a state actor is entitled to qualified immunity, we must consider whether the plaintiff has alleged facts showing that the state actor violated a statutory or constitutional right, and, if so, whether that right was clearly established at the time of the alleged violation. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). Here, the district court correctly determined that Wright's claim failed at the first step of the analysis.

Contrary to Wright's arguments, her case is not materially distinguishable from *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). Thus, the district court properly concluded that there is no basis for departing from the rule that the Due Process Clause generally does not protect individuals from violence by private actors. *Id.* at 197.

As in *DeShaney*, the State did not affirmatively place Wright in a position of danger that she would not have otherwise faced absent state intervention. 489 U.S. at 201; *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006). There is no evidence that Wright was abused while she was in her paternal grandmother's care. And, although Wright was sexually and physically abused when she was returned to her father, the state defendants played no part in creating any such

2

danger nor did they do anything to render her more vulnerable to it. *DeShaney*, 489 U.S. at 201. In fact, when the State closed its investigation, Wright was in her paternal grandmother's – not her father's – care. The "state-created danger" exception is therefore inapplicable.

Although it is questionable whether Wright was under the State's custody and control while she lived with her paternal grandmother, we need not decide that issue here. Irrespective of whether she was in State custody while residing with her paternal grandmother, Wright was not subjected to any harm during the pendency of the State's investigation. *Id.* at 198-99; *see also Patel v. Kent Sch. Dist.*, 648 F.3d 965, 972 (9th Cir. 2011). When the State subsequently closed its investigation, it owed her no duty of protection against the abuse inflicted by her father. Under these circumstances, the "special relationship" exception is likewise not applicable.

Because the undisputed facts show that the state defendants did not violate Wright's substantive due process rights, the district court properly granted summary judgment in their favor.

**AFFIRMED.**